# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLUMBIA

| | |
|---|---|
| Harold B. Gilbert<br>114 East Davis Blvd #12<br>Tampa, FL 33606 | )<br>)<br>)<br>) |
| Paul C. Hooper<br>414 Ed Street<br>Fort Walton Beach, FL 32547 | )<br>)<br>)<br>) |
| William S. Dorman, Jr.<br>94 Deer Mountain Drive<br>Harper's Ferry, WV 25425 | )<br>)<br>)<br>) |
| Michael A. Close<br>712 Plantation Drive<br>Simpsonville, SC 29681 | )<br>)<br>)<br>) |
| David G. White<br>109 Nicklaus Nook<br>Lancaster, TX 75146 | )<br>) Civil Docket No:<br>)<br>) |
| Hugo A. Ramos<br>223 Barouche Place<br>Fort Wayne, IN 46845 | ) COMPLAINT<br>)<br>)<br>) |
| Stephen D. Abrams<br>33770 Channel Street<br>Temecula, CA 92592 | )<br>)<br>)<br>) |
| Edward C. Phoebus, Jr.<br>4286 Benson Pike<br>Shelbyville, KY 40065 | )<br>)<br>)<br>) |
| Alan J. Powers<br>843 Hood Road<br>Fayetteville, GA 30214 | )<br>)<br>) |

| | |
|---|---|
| **Donald R. Stukey**<br>668 N. Hedgecock Square<br>Satellite Beach, FL 32937<br><br>**Peter Evans**<br>7 Grove Court<br>Exeter, NH 03833,<br><br>     **Plaintiffs,**<br><br>   v.<br><br>**The Honorable Deborah Lee James**<br>**Secretary of the Air Force,**<br><br>     **Defendant.**<br><br>Also Serve<br><br>1.  **The Attorney General**<br>  **of the United States**<br>  **10th & Constitution Ave., N.W.**<br>  **Washington, DC 20530**<br><br>2.  **The United States Attorney**<br>  **for the District of Columbia**<br>  **555 Fourth Street, NW**<br>  **Washington, D.C. 20530** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

  This is a complaint for declaratory judgment seeking to declare that the decision of the Air Force Board for Correction of Military Records (AFBCMR) denying Plaintiffs relief on the basis that Plaintiffs' DD Forms 149 were not timely filed was an abuse of discretion, arbitrary and capricious and contrary to law or regulation.

Page 2

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and 5 U.S.C. § 702 et. seq., The Administrative Procedure Act.

## VENUE

2. Venue is proper as the Defendants are found in this District.

## PARTIES

3. Plaintiff Harold B. Gilbert is a former Air Force officer who served on active duty.

4. Plaintiff Paul C. Hooper is a former Air Force officer who served on active duty.

5. Plaintiff William S. Dorman is a former Air Force officer who served on active duty.

6. Plaintiff Michael A. Close is a former Air Force officer who served on active duty.

7. Plaintiff David G. White is a former Air Force officer who served on active duty.

8. Plaintiff Hugo A. Ramos is a former Air Force officer who served on active duty.

9. Plaintiff Stephen D. Abrams is a former Air Force officer who served on active duty.

10. Plaintiff Edward C. Phoebus is a former Air Force officer who served on active duty.

11. Plaintiff Alan J. Powers is a former Air Force officer who served on active duty.

12. Plaintiff Donald R. Stukey is a former Air Force officer who served on active duty.

13. Plaintiff Peter Evans is a former Air Force officer who served on active duty.


14, Defendant, the Honorable Deborah Lee James, in her official capacity, is the Secretary of the Air Force.

## FACTS

15. Plaintiff Harold B. Gilbert

    a. Plaintiff Gilbert was on active duty as an Air Force Major when he went before promotion boards in Calendar Year 1992 (CY92) and 1993 (CY93) for consideration for promotion to Lieutenant Colonel.

    b. At both selection boards Plaintiff was non-selected for promotion to Lieutenant Colonel.

    c. Plaintiff then elected to retire under the provisions of the Fiscal Year 1993 National Defense Authorization Act and did so retire on October 1, 1993.

16. Plaintiff Paul C. Hooper

    a. Plaintiff Hooper was on active duty as an Air Force Major when he went before a promotion board in Calendar Year 1991 (CY91) for consideration for promotion to Lieutenant Colonel.

    b. The record is not clear whether Plaintiff Hooper went before a Calendar Year 1992 (CY92) promotion selection board for Lieutenant Colonel.

    c. Plaintiff Hooper was not selected for promotion at the CY91 board.

    d. In Fiscal Year 1993 (FY93) Plaintiff Hooper was required to early retire by a Selective Early Retirement Board (SERB) and did so retire on January 31, 1993.

17. Plaintiff William S. Dorman

    a. Plaintiff Dorman was on active duty as an Air Force Captain when he went before promotion boards in Calendar Year 1993 (CY) and Calendar Year 1994 (CY94) for consideration for promotion to Major.

    b. At both boards Plaintiff Dorman was non-selected for promotion to Major.

    c. Because of Plaintiff Dorman's two time non-selection for promotion to Major, by statute, he was separated from active duty on April 30, 1995.

18. Plaintiff Michael A. Close

    a. Plaintiff Close was on active as an Air Force Captain when he went before promotion boards in Calendar Year 1995 (CY95) and Calendar Year 1996 (CY96) for consideration for promotion to Major.

    b. At both boards Plaintiff Close was non-selected for promotion to Major.

    c. Plaintiff Close was selected for continuation on active duty as a Captain, but declined the offer and separated from active duty on July 10, 1996.

19. Plaintiff David G. White

    a. Plaintiff White was on active duty as an Air Force Major when he went before two promotion boards in Calendar Years 1991 designated CY91A and CY91B for consideration for promotion to Lieutenant Colonel.

    b. At both boards Plaintiff White was non-selected for promotion to Lieutenant Colonel.

    c. Plaintiff White was selected for continuation on active duty as a Major and continued on active duty until his retirement on June 30, 1995, with 20 years and 27 days of active service.

20. Plaintiff Hugo A. Ramos

    a. Plaintiff Ramos was on active duty as an Air Force Major when he went before promotion selection boards in Calendar Year 1990 (CY90) and Calendar Year 1991 (CY91) for consideration for promotion to Lieutenant Colonel.

    b. At both boards Plaintiff Ramos was non-selected for promotion to Lieutenant Colonel.

    c. Plaintiff Ramos was selected for continuation on active duty as a Major and served in that rank on active duty until his retirement on March 31, 1995 with 20 years, 25 days of active service.

21. Plaintiff Stephen D. Abrams

    a. Plaintiff Abrams was on active duty as an Air Force Captain when he went before promotion selection boards in Calendar Year 1996 (CY96) and Calendar Year 1997 (CY97) for consideration for promotion to Major.

    b. At both boards Plaintiff Abrams was non-selected for promotion to Major.

    c. Plaintiff Abrams was selected for continuation on active duty as a Captain, but declined and separated from active duty on February 28, 1998.

22. Plaintiff Edward C. Phoebus, Jr.

    a. Plaintiff Phoebus was on active duty as an Air Force Major when he went before promotion selection boards in Calendar Year 1990 (CY90) and

Calendar Year 1991 (CY91) for consideration for promotion to Lieutenant Colonel.

b. At both boards Plaintiff Phoebus was non-selected for promotion to Lieutenant Colonel.

c. Plaintiff Phoebus was selected for active duty continuation as a Major, and served as a Major until his retirement on November 30, 1994, with 20 years, 26 days of active duty service.

23. Plaintiff Alan J. Powers

   a. Plaintiff Powers was on active duty as an Air Force Captain when he went before a promotion selection board in Calendar Year 1996 (CY96) for consideration for promotion to Major.

   b. At the board Plaintiff Powers was non-selected for promotion to Major.

   c. Plaintiff Powers separated from active duty on August 15, 1996.

24. Plaintiff Donald R. Stukey

   a. Plaintiff Stukey was on active duty as an Air Force Captain when he went before promotion selection boards in Calendar Year 1995 (CY95) and Calendar Year 1996 (CY96) for consideration for promotion to Major.

   b. At the boards Plaintiff Stukey was non-selected for promotion to Major.

   c. Plaintiff Stukey, because of his two time non-selection for promotion to Major, was separated from active duty on November 30, 1996.

25. Plaintiff Peter Evans

    a. Plaintiff Evans was on active duty as an Air Force Captain when he went before promotion selection boards in Calendar Year 1992 (CY92C) and Calendar Year 1993 (CY93B) for consideration for promotion to Major.

    b. At the boards, Plaintiff Evans was non-selected for promotion to Major.

    c. Plaintiff Evans, because of his two non-selections for promotion to Major, was separated from active duty on June 30, 1994.

26. As part of the selection process all the above referenced selection boards were provided a Memorandum of Instruction (MOI) by the Secretary of the Air Force which gave the members of the selection board instructions as to what criteria to consider for promotion selection purposes.

27. The MOI contained equal opportunity language (EO) which instructed the selection boards to unconstitutionally consider race and gender when selecting officers for promotion.

28. Females and minorities were given special preference. The language created reverse discrimination.

29. From approximately January 1990 to June 1998 the offensive language was contained in MOIs for officer promotion selection boards and SERBs.

30. The AFBCMR has on multiple occasions recognized that the language of the MOI is and was unconstitutional. AFBCMR Docket Number BC 2007-03040 is such a case. This case was filed with the AFBCMR in 2007.

31. The conclusion reached by the AFBCMR that the language of the promotion selection board MOI was unconstitutional was grounded in the decision by the Federal Circuit in the case of Berkley v. United States, 287 F. 3d 1076, 1087 Fed. Cir (2002).

32. The Court concluded that the language established a racial or gender classification on its face triggering strict scrutiny.

33. All the named Plaintiffs here were subjected to the unconstitutional language contained in the MOI for the period January 1990 through June 1998.

34. All the named Plaintiffs here filed a DD Form 149 with the AFBCMR in 2011 or 2012 asking for a correction of their military record because of their unconstitutional treatment in promotion selection. The Docket Numbers and filing dates are:

| Plaintiff | Docket Number | Filing Date |
|---|---|---|
| Gilbert | BC 2011-01909 | May 19, 2011 |
| Hooper | BC 2011-02561 | July 11, 2011 |
| Dorman | BC 2011-02623 | July 6, 2011 |
| Close | BC 2011-02171 | June 9, 2011 |
| White | BC 2011-01943 | May 1, 2011 |
| Ramos | BC 2011-02581 | July 2, 2011 |
| Abrams | BC 2011-01910 | May 16, 2011 |
| Phoebus | BC 2011-02373 | June 14, 2011 |
| Powers | BC 2011-02186 | May 16, 2011 |
| Stukey | BC 2011-02350 | June 8, 2011 |
| Evans | BC 2012-05852 | December 14, 2012 |

35. The correction requested was that each Plaintiff be sent to a Special Selection Board under the provisions of 10 U.S.C. § 628 for the purpose of relooking their respective promotions without the offending MOI language.

36. In the case of every Plaintiff the AFBCMR expressly acknowledged that the <u>Berkley</u> decision applied to each Plaintiff.

37. Historically the AFBCMR has granted relief to Air Force officers similarly situated with the Plaintiff's here since 2002.

38. The test for relief previously utilized by the Board merely inquired as to whether the Air Force officer fell subject to the offending MOI language. If so, relief was granted. Timeliness was historically not considered a bar to relief. AFBCMR Docket Number BC 2007-03040 is such a case.

39. In the case of every Plaintiff here the AFBCMR has denied relief, not because <u>Berkley</u> does not apply, but rather because the DD Form 149 was not timely filed.

    a. The enabling statute for the AFBCMR, 10 U.S.C. § 1552, provides for a statute of limitations for filing a DD Form 149. "No correction may be made unless the claimant (Plaintiff) files a request for the correction within three years after he discovers the error or injustice." However, the AFBCMR "may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice."

    b. Multiple cases similarly situated to Plaintiffs' have waived the statute of limitations and declared the DD Form 149 timely filed.

40. A comparison of two cases, BC 2011-01859 and BC 2011-01943 reveals that BC 2011-01859 was filed on May 9, 2011 and BC 2011-01943 was filed on May 1, 2011, <u>before</u> BC 2011-01859. Yet, BC 2011-01943 was denied on timeliness

grounds while BC 2011-01859 was granted with timeliness waived even though BC 2011-01943 was filed earlier than BC 2011-01859.

41. It appears from the records that up to November 28, 2011 <u>all</u> <u>Berkley</u> cases were granted by the AFBCMR. After that date <u>all</u> <u>Berkley</u> cases were denied.

42. BC 2011-01943, filed on May 1, 2011 was decided on February 12, 2012 and was denied. BC 2011-01859, filed on May 9, 2011, was decided on Nov 28, 2011, and was the last case granted.

43. Further, BC 2011-01943 and BC 2011-01859 were virtually identical cases. The claimants were both considered for promotion by the Calendar Year 1994 (CY94) Lieutenant Colonel promotion selection board.

44. The period from separation from active duty or retirement to the date the DD Form 149 was filed by each claimant varied dramatically. For cases in which the AFBCMR granted relief the time period was from 3.26 years, BC 2003-01672 to 16.7 years, BC 2009-09414. Cases denied went from 4.08 years, BC 2012-0031, to 18.44 years, BC 2011-02561, Plaintiff Hooper. The only distinguishing characteristic among the cases is that before November 28, 2011, all cases were granted whereas after November 28, 2011, all cases were denied.

45. In denying relief on the basis of an untimely filing the AFBCMR declared in Plaintiffs' cases that:

a. The AFBCMR was not bound by precedence. This position was specifically rejected in <u>Wilhelmus v. Geren</u>, 796 F. Supp. 2d 157 (D.D.C. 2011).

b. The AFBCMR is under congressional mandate to process all cases within 18 months of filing a DD Form 149 and this limits the ability of the AFBCMR to review older cases. The congressional mandate has been in place since 2002. Since 2005 the AFBCMR has granted referral to an SSB without invoking the timeliness bar in 11 cases.

c. The Plaintiffs failed to engage in due diligence in efforts to discover the constitutional wrong done to them.

   i. <u>Berkley</u> was a class action law suit. The members of the class were those who were subject to a reduction in force. Plaintiffs were not members of that class and would not have received notice, directly or indirectly, of their nonexistent interest in the class action.

   ii. No publicity or notice with respect to <u>Berkley</u> identified promotion selection boards or SERBs as being associated with the <u>Berkley</u> case.

   iii. Plaintiffs' discovery of the application of the <u>Berkley</u> opinion to the MOI language in promotion selection boards and SERBs came from word of mouth just as it did in many of the cases wherein relief was granted and a timeliness bar was not invoked.

   iv. In fact every Plaintiff here filed a DD Form 149 seeking relief within three years of actually discovering the wrong.

    d. The passage of time has made providing an adequate remedy impossible.

        i. The reason Plaintiffs are situated as they are is because of a constitutional wrong done to them by the Air Force. Plaintiffs seek to have their cases sent to an SSB for promotion consideration. That is a remedy provided by 10 U.S.C. § 628.

46. Each Plaintiff here submitted a request for reconsideration to the AFBCMR. Each request was summarily denied on the basis that the submissions did not meet reconsideration criteria requiring "newly discovered relevant evidence . . . which was not available when the application was submitted."

47. All administrative remedies have been exhausted.

## CLAIM FOR RELIEF

48. The AFBCMR abused its discretion, acted arbitrarily and capriciously and contrary to law or regulation in the following particulars:

    a. By knowingly disregarding applicable precedence and finding contrary to that precedence that Plaintiffs' DD Forms 149 were not timely filed.

    b. By knowingly and willfully establishing an arbitrary cutoff date of on or about November 28, 2011, for the granting of relief to Plaintiffs and all others similarly situated to Plaintiffs by declaring all DD Forms 149 requesting relief and decided after on or about November 28, 2011, to be not timely filed.

    c. By causing relief to be granted to a claimant (BC 2011-01859) whose DD Form 149 was filed after Plaintiff White (BC 2011-01943), whose request for relief was denied on the basis that his DD Form 149 was not timely filed.

d. By failing to recognize that the deprivation to Plaintiffs was a constitutional deprivation which is a form of injustice requiring a liberal interpretation of timeliness as was employed in all AFBCMR cases involving the <u>Berkley</u> MOI language prior to on or about November 28, 2011.

e. By declaring that an adequate remedy was impossible when the sole remedy sought by Plaintiffs was a referral to an SSB which remedy is provided for by statute under 10 U.S.C. § 628.

f. By declaring that a congressional mandate to expedite cases which has been in effect since 2002 provided a rationale for asserting untimeliness when multiple cases were granted relief from 2005 to 2011.

g. By declaring that Plaintiffs failed to engage in due diligence in discovering the constitutional injustice where no such proof exists and where multiple others similarly situated were not declared untimely due to a lack of due diligence.

## RELIEF REQUESTED

49. WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

   a. Declare that the denial of relief to Plaintiffs on grounds of untimeliness was arbitrary and capricious, an abuse of discretion and contrary to law or regulation.

b. Remand this matter to the AFBCMR with instructions to properly consider precedence and to act in conformance with the Court's opinion.

Respectfully submitted,

Gary Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Email: myers@mclaw.us
Fax: 603-746-2038