### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD B. GILBERT, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DEBORAH LEE JAMES, Secretary of the Air Force.<br><br>Defendant. | Civil Action No. 14-1364 (BAH)<br><br>Judge Beryl A. Howell |

### <u>MEMORANDUM OPINION</u>

Eleven plaintiffs, all former Air Force officers who retired or separated from active duty before 1998 (collectively, "the plaintiffs"), seek judicial review of the denial of their petitions for retrospective promotion by the Air Force Board of Correction of Military Record ("AFBCMR" or "the Board"). Determining that each petition was submitted well after the three-year statutory limitations period applicable to such requests, the Board declined to waive the limitations period and denied each petition as untimely. The plaintiffs do not dispute either that the three-year limitations period applies to their applications or that they failed to file their applications within the limitations period. Nonetheless, they now bring suit against defendant Deborah Lee James, in her official capacity as Secretary of the Air Force, seeking a declaratory judgment that the Board's decision not to waive the admittedly applicable limitations period was in error. Pending before the Court is the defendant's motion to dismiss the plaintiffs' Amended Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), ECF No. 13. For the reasons set out below, the defendant's motion to dismiss is granted in part and denied in part.

1

I.      BACKGROUND

Resolution of the pending motion turns on a question of statutory interpretation. Consequently, the Court turns first to review of the relevant statutory and administrative framework, as well as the amendments thereto that are at issue in the pending motion.  Then, the Court describes the plaintiffs' claims challenging the defendant's denial of their requests to waive the otherwise applicable limitations period, which resulted in the denial as untimely of their requests to convene special selection boards to reconsider their non-selection for promotion.

    A.      The Statutory Framework

In order to meet the needs of the service, the Secretary of the Air Force ("the Secretary") is authorized to convene promotion selection boards to recommend active-duty officers for promotion.  10 U.S.C. § 611.  Following an initial promotion decision, the Secretary may retrospectively modify a current or former service member's military record when necessary to "correct an error or remove an injustice."  10 U.S.C. § 1552(a)(1).  The Secretary is authorized to establish procedures governing such corrections, *id.* § 1552(a)(3), and has empowered the Board to consider petitions submitted by officers seeking to correct their service records, Air Force Instruction ("AFI") 36-2603, *Air Force Board for Correction of Military Records*, ¶¶ 1–2 (Mar. 5, 2012).  Officers seeking a modification to their military record to correct an error or remove an injustice must submit an "Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552," called a DD Form 149, to the Board.  *See* AFI 36-2401, *Correcting Officer and Enlisted Evaluation Reports*, Table 1, Row 3 (Feb. 20, 2004), ECF No. 16-1; *see also* AFI 36-2406, *Officer and Enlisted Evaluation Systems*, Table 10.1, Row 3 (Jan. 2, 2013).[1]  Generally, such applications must be filed within three years "after [the claimant]

_____

[1] In January 2013, AFI 36-2401 was re-promulgated as a part of AFI 36-2406.  *See* AFI 36-2406 at 1.  The discussion that follows refers to this more recent promulgation.

discovers the error or injustice," although the Board "may excuse a failure to file within three

years after discovery if it finds it to be in the interest of justice."  10 U.S.C. § 1552(b); *see also*

AFI 36-2406 ¶ 10.5.1 (titled "Time Limits," requiring submission of "appeal within 3 years

following the date the evaluation became a matter of record" and providing "[i]f the evaluation is

more than 3 years old, [the applicant] must submit a waiver of the time limit"); *id.* ¶ A2.4 (titled

"Time Limit Waivers," providing "[t]he applicant can request a waiver of the 3-year time limit

by citing unusual circumstances that prevented filing the appeal in a timely manner").

To assist in reviewing certain applications submitted pursuant to 10 U.S.C. § 1552, the

Secretary is authorized under 10 U.S.C. § 628 to convene periodic Special Selection Boards

("SSBs").  An SSB considers petitioning officers' records, together with "a sampling of the

records of those officers of the same competitive category," and makes a determination as to

whether each petitioning officer should be recommended for a retrospective promotion.  10

U.S.C. §§ 628(a)(2), (b)(2); *Antonellis v. United States*, 723 F.3d 1328, 1334 (Fed. Cir. 2013).  If

the SSB recommends that a petitioning officer receive a promotion and this recommendation is

approved by the Secretary and the President, the petitioning officer is retrospectively promoted

and he becomes entitled to the pay and allowances that he would have received but for the

original, defective promotion board decision.  10 U.S.C. §§ 628(c)(1), (d).

The Secretary is authorized to convene SSBs to review two categories of claims:

(1) claims submitted by officers who were not considered by a promotion board due to an

administrative error, *id.* § 628(a); and (2) claims submitted by officers who *were* considered by a

promotion board, but whose service records were considered in an unfair manner, *id.* § 628(b).

Most relevant here, in order to convene an SSB pursuant to § 628(b), the Secretary must first

determine "that there was 'material unfairness'" with respect to a petitioning officer who was

3

considered by a selection board but not selected for promotion.[2]  The statute provides guidance as to the considerations relevant to making a determination "that there was material unfairness," stating:

> In order to determine that there was material unfairness, the Secretary must determine that—
>
>> (A) the action of the promotion board that considered the person was contrary to law in a matter material to the decision of the board or involved material error of fact or material administrative error; or
>>
>> (B) the board did not have before it for its consideration material information.

*Id.* § 628(b)(1); *see also* AFI 36-2501, *Officer Promotions and Selective Continuation*, ¶ 6.1 (July 16, 2004).  SSBs convened under this subsection are intended to provide "a means to make a reasonable determination as to whether the officer would have been selected if his pertinent records had been properly considered by the prior [promotion selection] board."  AFI 36-2501 ¶ 6.5.2; *Porter v. United States*, 163 F.3d 1304, 1315 (Fed. Cir. 1998) (internal quotation marks and citation omitted).

### B.    Circumstances Leading to 2001 Amendment to § 628

While serving on active duty between 1990 and 1998, each of the plaintiffs was considered by at least one promotion selection board and not selected for promotion.  Am. Compl. ¶¶ 15–25, ECF No. 11.  During this period, the military services provided certain equal opportunity instructions to various boards charged with making personnel decisions, including promotions, early retirement and selective retentions.  Def.'s Mem. at 3.  In particular, the Air

---

[2]   The first sentence of 10 U.S.C. § 628(b)(1), which sets forth the "material unfairness" determination requirement for convening an SSB, reads as follows:  "If the Secretary . . . determines, in the case of a person who was considered for selection for promotion by a promotion board but was not selected, that there was material unfairness with respect to that person, the Secretary may convene a special selection board under this subsection to determine whether that person . . . should be recommended for promotion."

Force provided such boards with a Memorandum of Instruction ("MOI") that included language directing the boards to be sensitive to race and gender when selecting officers for promotion.  *Id.*; Am. Compl. ¶¶ 27–28.[3]  Plaintiffs contend that this equal opportunity instruction led to "reverse discrimination" resulting in their non-selection for promotion.  Am. Compl. ¶¶ 27–28.

In 2002, the Federal Circuit held that the Air Force's use of the MOI to help guide the selection of officers for involuntary termination pursuant to a 1993 Reduction in Force constituted a racial or gender classification subject to heightened scrutiny under the equal protection guarantee of the Fifth Amendment.  *Berkley v. United States* (*Berkley I*), 287 F.3d 1076, 1091 (Fed. Cir. 2002).[4]  Since that time, and relying on *Berkley*, the Board has opined that the MOI language addressing race and gender considerations was unconstitutional.  Am. Compl. ¶¶ 30–31.

Following *Berkley*, as well as related litigation challenging the use of similar equal opportunity instructions by the other military services, a significant number of current and former service members sought reevaluation of their military records to obtain a new promotion recommendation unaffected by these instructions.  With petitions for SSBs mounting, Congress amended 10 U.S.C. § 628 in 2001 to include new subsections providing for judicial review with respect to the convening of SSBs.  *See* National Defense Authorization Act for FY 2002 ("2002 NDAA"), Pub. L. 107-107, § 503, 115 Stat. 1012 (2001); 10 U.S.C. §§ 628(g)–(i).  The 2001

---

[3] The MOI read as follows:  "Your evaluation of minority and women officers must clearly afford them fair and equitable consideration.  Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and Chief of Staff, a report of minority and women officer selections as compared to the selection rates for all officers considered by the board."  Def.'s Mem. at 3 n.1 (citing *Ricks v. United States*, 65 Fed. Cl. 826, 828 (2005)).

[4] Although the Federal Circuit concluded that the constitutionality of the challenged MOI must be analyzed under heightened scrutiny, the court expressly reserved judgment as to the constitutionality of the MOI and what effect, if any, deference to military decision-making would have under the appropriate constitutional standard. *Berkley v. United States* (*Berkley II*), 59 Fed. Cl. 675, 682 & n.5 (2004) (citing *Berkley I*, 287 F.3d at 1091).

amendments also authorized the services to promulgate regulations addressing, *inter alia,* any "time limits applicable to the filing of an application for [consideration by an SSB]." 10 U.S.C. § 628(j)(2)(B).

Pursuant to this newly granted authority, the Air Force promulgated an administrative limitations period that parallels the statutory limitations period found at 10 U.S.C. § 1552(b). Under these regulations, petitions for correction of military records must be submitted to the Board "within 3 years after the error or injustice [giving rise to the petition] was discovered, or, with due diligence, should have been discovered." AFI 36-2603 ¶ 3.5. "An application filed later is untimely and may be denied by the Board on that basis," *id.*, but the Board "may excuse untimely filing in the interest of justice," *id.* ¶ 3.5.1.[5]

For a number of years following *Berkley*, the Board regularly convened SSBs to review § 1552 petitions submitted by officers who were considered by a promotion board operating under the influence of an equal opportunity MOI. Am. Compl. ¶¶ 37–38; Def.'s Mem. at 6. In so doing, the Board routinely exercised its statutory and regulatory authority to waive the applicable limitations period. *Id.* Beginning in February 2012, however, the Board changed course and has declined to waive the statutory limitations period of § 1552(b) where the sole basis for relief asserted by the petitioner is the Air Force's use of the MOI. Def.'s Mem. at 6; *see* Am. Compl. ¶ 41. Taking into account the passage of nearly a decade since *Berkley*, and citing its efforts to manage its caseload in conformity with statutory time constraints, the Board concluded that continued waivers of the limitations period with respect to such claims was no longer "in the interest of justice." Def. Mem. at 6.

---

[5] While the current version of this regulation was promulgated after the date on which all but one of the plaintiffs filed his application with the Board, the provision addressing the limitations period remains unchanged from the regulation in effect prior to 2011. *See generally* AFI 36-2603, *Air Force Board for Correction of Military Records* (Mar. 1, 1996).

6

### C.    The Plaintiffs' Claims

Between May 2011 and December 2012, nearly 10 years after *Berkley* and more than a decade after each plaintiff had separated from the Air Force, the plaintiffs each filed a Form DD 149 with the Board requesting the convening of an SSB.  Am. Compl. ¶¶ 34–35.  Each plaintiff claims he was "subjected to the unconstitutional language contained in the MOI for the period January 1990 through June 1998" and requests, pursuant to § 628(b), referral of his record correction request to an SSB to reassess his qualifications for promotion and consider retrospective promotion without regard to his race and gender.  *Id.* ¶¶ 33, 35.

While conceding that the plaintiffs were considered by promotion selection boards operating under the equal opportunity MOI, *id.* ¶ 36, the Board declined to waive the statutory limitations period and denied each of the plaintiffs' petitions as untimely, *id.* ¶ 39.  The Board relied on three grounds for declining to waive the limitation period: (1) its responsibility to manage its caseload under statutory time constraints; (2) its determination that the plaintiffs failed to engage in due diligence in pursuing their petitions; and (3) its conclusion that the plaintiffs' significant delay in filing their petitions rendered retrospective review of their records by an SSB impractical.  *Id.* ¶ 45.  After the Board denied their requests for reconsideration, *id.* ¶ 39, the plaintiffs together filed the instant action on August 11, 2014.

In their Amended Complaint, the plaintiffs dispute each of the Board's grounds for denying their petitions.  *Id.* ¶ 45.  The plaintiffs explain that they learned of the equal opportunity MOI only informally from fellow former officers and allege that they each filed their petitions within three years of becoming aware of the MOI.  *Id.*  The plaintiffs further allege that the Board consistently granted relief to similarly situated petitioners prior to 2012, *id.*, and convened

at least one SSB to consider such a petition that was filed after the date on which one of the plaintiffs filed his petition for relief, *id.* ¶ 48.

In light of this apparent inconsistency, the plaintiffs argue that the Board abused its discretion and acted arbitrarily and capriciously in declining to waive the applicable limitations period and denying their petitions as untimely.  They seek a declaratory judgment to that effect and a remand to the Board with instructions to "properly consider precedence."  Am. Compl. ¶ 49.  The plaintiffs assert two alternative bases for the exercise of jurisdiction over their claims: (1) pursuant to the general judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*; and (2) pursuant to the judicial review provisions of § 628.  *Id.* ¶ 3; *see also* Pls.' Mem. Opp'n Def's Mot. Dismiss ("Pls.' Mem.") at 15, 21, ECF No. 14.  The defendant counters that this Court lacks subject matter jurisdiction under either the APA or 10 U.S.C. § 628 to consider these claims, and must therefore dismiss the lawsuit.  Def.'s Mem. at 1.[6]

## II.   LEGAL STANDARD

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), federal courts must be mindful that they are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)) (internal quotation marks omitted).  Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC,* 548 F.3d 116, 120 (D.C. Cir. 2008), and "have an affirmative obligation to consider whether the constitutional and statutory

---

[6] The plaintiffs and the defendant have requested oral argument on the pending motion to dismiss, *see* Pls.' Mem. at 1; Def.'s Mem. at 1, but given the sufficiency of the parties' written submissions, this request is denied.  *See* LCvR 7(f) (stating allowance of oral hearing is "within the discretion of the court").

authority exist . . . to hear each dispute," *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 196 (D.C. Cir. 1992)) (internal quotation marks omitted).

"It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.  Thus, "[t]he plaintiff bears the burden of invoking the court's subject matter jurisdiction . . . ." *Arpaio v. Obama*, 2015 U.S. App. LEXIS 14270 (D.C. Cir. Aug. 14, 2015) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)); *see also Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984) ("It is the burden of the party claiming subject matter jurisdiction to demonstrate that it exists.").  A federal court lacking subject matter jurisdiction must dismiss the case.  *See Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007).

Where the federal government is a defendant, the plaintiff must establish federal subject matter jurisdiction as well as an applicable waiver of sovereign immunity to survive a motion to dismiss pursuant to Rule 12(b)(1).  *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 185 (D.C. Cir. 2006) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  In general, a waiver of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied."  *Sw. Power Admin. v. Fed. Energy Regulatory Comm'n*, 763 F.3d 27, 31 (D.C. Cir. 2014) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).  "Any ambiguities in the statutory language are to be construed in favor of immunity so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires."  *FAA v. Cooper*, 132 S. Ct. 1441,

1448 (2012) (internal citations removed).  Nonetheless, sovereign immunity and judicial review are closely linked, such that "the allowance of judicial review is a waiver of sovereign immunity and . . . the disallowance of such review is an assertion of sovereign immunity." *Bartlett v. Bowen*, 816 F.2d 695, 712 (D.C. Cir. 1987) *opinion reinstated on reconsideration sub nom. Bartlett ex rel. Neuman v. Bowen*, 816 F.2d 1240 (D.C. Cir. 1987).

## III.   DISCUSSION

While this appears to be a case of first impression in this Circuit, the Court is mindful that "[t]hese are not uncharted waters." *Piersall v. Winter*, 435 F.3d 319, 321 (D.C. Cir. 2006). Indeed, for nearly two decades, courts both in and outside this Circuit have "many times reviewed the decisions of boards for correction of military records 'in light of familiar principles of administrative law.'" *Id.* (collecting cases); *see also Peavey v. United States*, No. CV 12-691 (CKK), 2015 WL 5063164 at *12 (D.D.C. Aug. 26, 2015); *Paylor v. Winter*, 600 F. Supp. 2d 117, 120 (D.D.C. 2009); *Harris v. Maybus,* No. 1:10-CV-833, 2011 WL 3951861 at *1 (E.D. Va. Sept. 6, 2011).

Most relevant here, the D.C. Circuit has long recognized that a military review board's decision not to waive the three-year limitations period provided by 10 U.S.C. § 1552(b) is generally subject to judicial review under the APA. *Dickson v. Sec'y of Def.*, 68 F.3d 1396 (D.C. Cir. 1995).  The defendant does not dispute this Court's jurisdiction to review such waiver declinations, Def.'s Reply Pls.' Opp'n Def.'s Mot. Dismiss ("Def.'s Reply") at 10, ECF No. 16, and likewise acknowledges that the Board declined to waive the § 1552(b) limitations period in denying the plaintiffs' petitions as untimely, *id.* at 4, 6 ("Plaintiffs filed their applications with [the Board] under the provisions of § 1552, making its time standards the applicable ones here.").

Undaunted by this apparent precedential hurdle, the defendant nonetheless argues that this Court lacks jurisdiction to review the particular waiver declinations at issue here.

Specifically, the defendant contends that *Dickson* provides this Court with jurisdiction to review only "*simple* § 1552 waiver determinations or declinations." Def.'s Reply at 10 (emphasis added). By this, the defendant apparently means that the Board's denial of a petition submitted under § 1552 is subject to APA review only where the petitioning officer does not seek referral to an SSB convened under § 628 for reevaluation of his or her military record. In what the plaintiffs characterize as a "tortured argument," Pls.' Mem. at 17, the defendant asserts that, when, as here, the plaintiffs challenge a "promotion non-selection" under § 628, their claims fall "outside of § 1552" and are "completely remove[d] from the sphere of APA coverage," Def.'s Reply at 10. By invoking the procedures outlined in § 628 to seek correction of their military records before an SSB, the defendant reasons that judicial review of the plaintiffs' claims is governed exclusively by the judicial review provisions of that statutory section, rather than § 1552, and, further, that while binding precedent holds that judicial review of a waiver decision under § 1552 is available under the APA, § 628 precludes review of the Board's timeliness decisions. *Id.* As a result, the defendant concludes that the plaintiffs may not pursue their claims under either the APA or § 628. *Id.* at 10–12.

To resolve the instant motion, the Court first examines the availability of judicial review for waiver decisions by military review boards as articulated by the D.C. Circuit in *Dickson*. Next, the Court considers the defendant's arguments, first, that judicial review of the Board's denial of the plaintiffs' petitions is governed exclusively by 10 U.S.C. § 628(g), thereby precluding APA review despite *Dickson*, and, second, that § 628, properly construed, does not

authorize judicial review of the Board's decision declining to waive the limitations period for a
§ 1552 petition alleging material unfairness.

### A.    Judicial Review of Military Review Board Waiver Decisions

At issue in this lawsuit is whether the Board properly exercised its authority by declining
to waive the otherwise applicable limitations period for consideration of the plaintiffs' petitions
under § 1552 to convene SSBs under § 628.[7]  As noted, the defendant asserts that this Court may
not exercise jurisdiction over the plaintiffs' claims because § 628, as amended in 2001, "do[es]
not permit" judicial review of, or waive "sovereign immunity for," the plaintiff's claims
challenging the defendant's decision not to waive the three-year limitations period under
§ 1552(b) for their requests to convene SSBs under § 628(b)(1).  Def.'s Mem. at 1.  At the outset,
before turning to examination of the statutory text of § 628, review of the D.C. Circuit's analysis
of military service boards' waiver determinations, generally, is helpful.

The D.C. Circuit has emphasized that the presumption of judicial review serves as an
important means of ensuring compliance with the law, explaining that "[r]eview of waivers helps
ensure that a second tier of 'secret law' absolving some but not others from the rigors of the
statute does not impugn the equality of the principal law which does receive the benefit of
judicial review."  *Dickson*, 68 F.3d at 1406 n.17.  Thus, "in exercising its waiver authority, [an
agency] may not act out of unbridled discretion or whim any more than in any other aspect of its
regulatory function, and it must clearly state in the record its reasons for granting [or denying]
the waiver."  *Keller Commc'ns, Inc. v. FCC*, 130 F.3d 1073, 1076 (D.C. Cir. 1997) (quoting
*Basic Media Ltd. v. FCC*, 559 F.2d 830, 833 (D.C. Cir. 1977)) (internal quotations and
alterations omitted).

---

[7] Neither the merits of the plaintiffs' requests for SSBs to be convened nor their non-selection for
promotion are issues to be resolved in this case, let alone in connection with the pending motion to dismiss.

The D.C. Circuit made clear in *Dickson* that a military review board's decision not to waive the statutory limitations imposed by 10 U.S.C. § 1552(b) is generally subject to judicial review under the APA. *Dickson*, 68 F. 3d at 1404. At issue in that case was the denial by the Army Board for Correction of Military Records ("ABCMR") of petitions for record corrections submitted by former Army officers seeking to upgrade their discharge status. *Id*. at 1398. Citing the three-year time limitation imposed by § 1552(b), the ABCMR concluded that the officers' petitions were untimely and denied their requests for waivers as not "in the interest of justice." *Id.* at 1398. The officers sought judicial review, claiming that the ABCMR "failed to provide any adequate explanation for its conclusions," and the Army moved to dismiss their claims on the grounds that the ABCMR waiver declinations were not reviewable. *Id.* at 1398.

Resolving conflicting rulings issued by this Court, *see id.* at 1400 & nn.3–4 (summarizing conflicting district court rulings regarding justiciability of waiver denials under § 1552(b)), the D.C. Circuit held that such denials are subject to review under the APA, *id.* at 1404. Absent any statutory bar on judicial review of § 1552(b) waivers, the *Dickson* Court considered "whether § 1552 commits the waiver decision exclusively to agency discretion." *Id*. at 1401. Focusing specifically on the statutory language providing that the ABCMR "may" waive the limitations period upon finding that such a waiver would be "in the interest of justice," the *Dickson* Court held that "such language does not mean the matter is committed exclusively to agency discretion." *Id.* (citing *Mulloy v. United States*, 398 U.S. 410, 414 (1970)). In so doing, the Court found "instructive" the Supreme Court's rejection of a similar argument in *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362 (1983). *Id.* In *Chappell*, the Supreme Court held that military review board decisions to correct (or not) a military record are reviewable, despite the fact that § 1552(a)(1) provides that the Secretary "may correct any military record" to address an

error or injustice. *Id.* at 2367 (citing 10 U.S.C. § 1552(a)(1)). Finding "no reason why the use of 'may' in § 1552(b) should preclude review of waiver determinations when it does not preclude review of decisions on the merits under § 1552(a)(1)," the *Dickson* Court held that a military review board's decision to decline to waive the three-year limitations provided by § 1552(b) is generally subject to review under the APA. *Dickson*, 68 F.3d at 1402.

Set against this articulation by the D.C. Circuit of the authority for, and value of, judicial review of a military board's decision whether to waive limitations periods for personnel record corrections, the Court now turns to examination of § 628 and the merits of the parties' divergent construction of this statutory provision.

### B.    Scope of Judicial Review Under 10 U.S.C. § 628(g)

The defendant contends that the waiver declinations at issue here are distinct from the waiver declinations at issue in *Dickson*. Def.'s Reply at 10. Indeed, the specific judicial review provisions set out in the 2001 amendments to 10 U.S.C. § 628 to govern the Board's decision not to convene an SSB were enacted over five years after the *Dickson* Court concluded that such review under the APA was available since the APA "provides a default standard of judicial review . . . where a statute does not otherwise provide a standard." *Dickson*, 68 F.3d at 1404 n.12. The defendant further contends that subject matter jurisdiction is lacking because "the scope of judicial review provided by 10 U.S.C. § 628(g) is limited to required Secretarial determinations that criteria specified by 10 U.S.C. § 621(b)(1) have been met." Def.'s Reply at 10. As discussed below, although the defendant is correct that § 628 provides the exclusive basis for judicial review of the plaintiffs' claims, precluding APA review, the defendant's proffered restrictive construction of this section as removing judicial review of waiver determinations is unpersuasive.

### 1.    *APA Review Is Unavailable*

It is axiomatic that the APA provides only a "generic cause of action in favor of persons aggrieved by agency action," *Md. Dep't of Human Res. v. Dep't of Health & Human Servs.*, 763 F.2d 1441, 1445 n.1 (D.C. Cir. 1985), when the plaintiff has "no other adequate remedy in a court" to challenge a final agency action, 5 U.S.C. § 704, and the agency action is not "committed to agency discretion by law," *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009).  *See also Bowen v. Massachusetts,* 487 U.S. 879, 903 (1988) (stating that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."); *Mittleman v. Postal Regulatory Comm'n*, 757 F.3d 300, 304 (D.C. Cir. 2014) (noting that "Chapter 7 of title 5 of the United States Code, titled 'Judicial Review,' is the part of the APA that provides a cause of action for judicial review" and "entitles a person aggrieved by agency action to 'judicial review thereof,' 5 U.S.C. § 702, and provides that 'final agency action for which there is no other adequate remedy in a court [is] subject to judicial review,' *id*. § 704").  Relying on this principle, the defendant contends "the APA is not applicable" because "§ 628 governs the Court's review."  Def.'s Mem. at 13; *see also* Def's Reply at 10 ("The promotion non-selection nature of Plaintiffs' claims and the consequent applicability of 10 U.S.C. § 628 . . . take Plaintiffs' claims outside of § 1552, . . . because another, specific statutory scheme applies.  Indeed, the applicability of § 628 completely removes it from the sphere of APA coverage.").  The Court agrees.

As noted, *supra* Part I.B., Congress amended § 628 in 2001 to provide expressly for judicial review of a military review board's decision not to convene an SSB to review petitions for record corrections alleging administrative error or material unfairness. Specifically, § 628(g), titled "Judicial review," provides, in its first subparagraph, that "[a] court of the United States

15

may review a determination by the Secretary of a military department under subsection (a)(1) or (b)(1) not to convene a special selection board in the case of any person." *Id.* § 628(g)(1)(A).[8] At the same time, Congress clarified that such review of a military review board's decision not to convene an SSB, is strictly limited.  Subsection 628(h), captioned "Limitations of other jurisdiction," provides, in pertinent part, that "No . . . court of the United States may, with respect to a claim based to any extent on the failure of a person to be selected for promotion by a promotion board" consider the claim or grant any relief on the claim, subject to certain express exceptions, including that no relief may be granted "except as provided in subsection (g)."  10 U.S.C. § 628(h).[9]  Thus, by its terms, § 628(h) applies broadly to claims "based *to any extent* on the failure of a person to be selected for promotion by a promotion board," *id.* (emphasis added), and covers a subset of claims that may arise under § 1552—namely, where non-selection for promotion is an alleged factual predicate.

According to the defendant, § 628(h) extricates the plaintiffs' claims from the D.C. Circuit's holding in *Dickson* that § 1552(b) waiver declinations are subject to APA review and limits judicial review of the waiver declinations at issue here to § 628(g).  *See* Def's Reply at

---

[8] Section 628(g) also expressly authorizes, in its second subparagraph, judicial review of SSB reports and actions the Secretary takes upon review of such SSB decisions, providing, in pertinent part: "[a] court of the United States may review the action of a special selection board convened under this section or an action of the Secretary of the military department concerned on the report of such a board."  10 U.S.C. § 628(g)(2); *see also Richey v. United States*, 322 F.3d 1317, 1327 (Fed. Cir. 2003) (noting that "10 U.S.C. § 628 specifically directs that the decisions of SSBs are subject to judicial review," citing 10 U.S.C. § 628(g)(2)).

[9] Subsection 628(h) provides, in full:
No official or court of the United States may, with respect to a claim based to any extent on the failure of a person to be selected for promotion by a promotion board—
(1) consider the claim unless the person has first been referred by the Secretary concerned to a special selection board convened under this section and acted upon by that board and the report of the board has been approved by the President; or
(2) except as provided in subsection (g), grant any relief on the claim unless the person has been selected for promotion by a special selection board convened under this section to consider the person for recommendation for promotion and the report of the board has been approved by the President.

10.[10]  Indeed, despite the fact that the plaintiffs' claims here present a challenge to the Board's

waiver declinations, the underlying relief sought is for the Board to convene SSBs to reconsider

the plaintiffs' non-selection for promotion, which allegedly resulted from unconstitutional

consideration of their race and gender.  Consequently, the plaintiffs' claims are based at least to

some extent on the factual allegation that their failure "to be selected for promotion by a

promotion board," was unfair and, thereby, fall within the broad scope of the "limitations" set

out in § 628(h).  This does not end the inquiry, however, as to whether § 628 is the exclusive

remedy, precluding APA review under § 1552 and *Dickson*.  The Court must next assess the

exceptions in § 628(h) and their effect on the availability of judicial review and the relief the

Court may fashion.

Subsection 628(h) imposes limitations on both the timing of, and relief available on,

judicial review of military promotion non-selection claims.  First, § 628(h)(1) bars judicial

"consider[ation]" of any non-promotion claim unless the claimant's petition has first been

referred to and acted upon by an SSB.  This section, at a minimum, requires non-promotion

claimants to request referral to an SSB before seeking judicial review of a non-promotion

decision.  This prerequisite for judicial review permits the military services to address fully such

non-promotion claims administratively and delays judicial consideration of the merits of a non-

promotion claim at least until completion of an SSB review.  *See Harkness v. United States*, 727

F.3d 465, 469 (6th Cir. 2013) (construing analogous provision governing reserve officer

promotions and observing that "Congress has crafted an elaborate statutory review scheme . . . to

---

[10] The parties appear to agree that § 628(h) *itself* does not provide for judicial review of waiver decisions of
the Board under § 1552.  Def.'s Reply at 5 (noting "by its own terms, 628(h) does not waive sovereign immunity for
Plaintiffs' claims"); Def.'s Mem. at 10–11 (noting that 10 U.S.C. § 628(h) "is ultimately unavailing to plaintiffs
because it restricts relief to those who have already been selected for promotion by a SSB—which plaintiffs have
not been," citing 10 U.S.C. § 628(h)(1) and (2)); Pls.' Mem. at 16 (stating that "[t]he Court does not have to reach
subsection (h), because it is specifically granted jurisdiction in subsection (g) to review the AFBCMR's decision to
not grant the requested SSBs").

challenge non-promotion decisions" so that "officers cannot short-circuit the scheme by resort to judicial review"); Pls.' Mem. at 9 (acknowledging that "[s]ubsection 628(h) prevents the previous practice of officers contesting promotion actions in court prior to requesting an SSB . . . . [A]n officer who was not selected by a promotion board must first request an SSB before going to court . . . . If the officer attempts to bypass the SSB process, then the court does not have jurisdiction to review the promotion decision, the remedy is to direct the servicemember to request an SSB.").

Subsection § 628(h)(2), in turn, addresses the relief a court may grant once it may properly exercise jurisdiction over a non-promotion claim. Specifically, § 628(h)(2) bars courts from "grant[ing] any relief on the claim," other than the promotion recommended by an SSB and approved by the President, "except as provided in subsection (g)." 10 U.S.C. § 628(h)(2). Consistent with this limitation on the relief available from a court, § 628(g)(1) provides that, if a reviewing court "sets aside [the Board's] determination . . . not to convene" an SSB, the court "shall remand the case to the Secretary concerned, who shall provide for consideration by [an SSB]." *Id.* § 628(g)(1)(B). Thus, where the Board declines to convene an SSB, § 628(h)(2) restricts judicial power to grant any relief in the form of a promotion, such that the "most a court can do is remand a case to the Secretary to provide for fresh consideration by an SSB, . . . the effect of which is to insulate the . . . promotion process from all but the most rudimentary judicial oversight." *Harkness*, 727 F.3d at 470. Likewise, where a claimant *is* considered by an SSB, a reviewing court may, pursuant to § 628(g)(2), set aside any resulting action by the SSB or the Board only if the court determines that such action is "(A) arbitrary or capricious; (B) not based on substantial evidence; (C) a result of material error of fact or material administrative

error; or (D) otherwise contrary to law," 10 U.S.C. § 628(g)(2), but the relief, again, is limited to

remand of the case for reconsideration by an SSB, *id.* § 628(h)(2).

Contrary to the defendant's reading, § 628(h) does not preclude judicial review of claims,

which, like the claims at issue here, are predicated "to any extent" on allegations of non-

promotion, and certainly does not contradict the express authority, under § 628(g)(1), for judicial

review of Board decisions "not to convene a [SSB] in the case of any person." Instead, § 628(h)

merely imposes certain restrictions on the judicial review provisions provided in § 628(g),

which, consequently, represents an alternative and adequate judicial remedy that bars APA

review. *See Paylor*, 600 F. Supp. 2d at 123 & n.4 (dismissing non-promotion claims brought

under the APA "as conceded and on the merits," explaining "10 U.S.C. 628(h) imposes an

express jurisdictional limitation on challenges that are 'based to any extent on the failure of a

person to be selected for promotion by a promotion board,' and the APA does not provide a basis

for review when some 'other adequate remedy' exists, 5 U.S.C. § 704."). As a result, *Dickson* is

not dispositive of the defendant's pending motion. *See United States v. Weaver*, No. 13-3097,

2015 WL 5165990, at *6 (D.C. Cir. Sept. 4, 2015) (noting that "[i]t should go without saying

that a holding can be understood only by reference to the context of the case in which it was

rendered."). Accordingly, the plaintiffs' claim for relief predicated on the APA must be

dismissed for lack of subject matter jurisdiction.

At the same time, this conclusion—that § 628 provides the exclusive basis for judicial

review and bars the plaintiffs' APA claim—may be of little moment, if review of the waiver

declinations is nonetheless available under § 628, since the standard of review under § 628(g)

"largely echoes" the arbitrary and capricious standard provided under the APA. *Homer v.

Roche*, 226 F. Supp. 2d 222, 225 (D.D.C. 2002); *see also Miller v. Dep't of Navy*, 476 F.3d 936,

938 (D.C. Cir. 2007) (explaining that 10 U.S.C. § 628(g)(1)(A) "authorizes a federal court to review and set aside the Secretary's decision not to convene a special selection board if the court finds the decision arbitrary or capricious, not based on substantial evidence, a result of material error of fact or administrative error, or otherwise contrary to law").  Thus, "whether under § 628(g) or the APA, the Court is charged with evaluating the [Board's] explanations for refusing to promote [the] plaintiff in order to ensure that the military's decisions were reasonable."  *Id.*

2.   ***Judicial Review of Waiver Decisions is Available Under § 628(g)(1)***

Turning to the scope of judicial review provided under § 628(g)(1), the parties agree that this subsection provides for judicial review of certain claims arising from the Board's denial of a petition to convene an SSB and acts as a waiver of sovereign immunity with respect to those claims.  Def.'s Mem. at 8; Pls.' Mem. at 15.  The parties disagree, however, as to *which* claims arising from such a denial may be pursued under § 628(g).  The plaintiffs argue that § 628(g) broadly allows for judicial review of any decision "not to convene a special selection board," including a decision declining a waiver under § 1552(b).  Pls.' Mem. at 15.  By contrast, the defendant posits that judicial review is available under § 628(g) only where the Board's decision not to convene an SSB is made "on the merits."  Def.'s Reply at 1.

The defendant supports its preferred reading of § 628(g) by pointing to the statutory language in § 628(g) granting judicial review of  "a determination by the Secretary . . . under subsection (a)(1) or (b)(1) not to convene a special selection board."  *Id.* § 628(g)(1)(A).  The defendant reasons that judicial review under § 628(g) is authorized only with respect to a Secretarial "determination" not to convene SSBs for the specific reasons set out under (a)(1), which pertains to persons erroneously determined to be not considered for promotion through administrative error or whose names were erroneously omitted from a list of fully-qualified

officers eligible for promotion, or under (b)(1), which pertains to persons whose non-selection for promotion is determined to be materially unfair.  Def.'s Mem. at 9-10 & n.3.

In the defendant's view, the "determination" subject to judicial review, as authorized by § 628(g)(1)(A), must be interpreted as strictly limited to the decisions about the eligibility criteria in (a)(1) and (b)(1) and does not extend to "timeliness determinations."  Def.'s Reply at 4 ("Congress . . . has not granted consent for judicial review of Secretarial determinations of application (un)timeliness"); Def.'s Mem. at 10 (arguing that the word "determination" must be interpreted to cover only the "required . . . determinations that criteria specified by 10 U.S.C. § 628(b)(1) have [or have not] been met").  The defendant bolsters this interpretation by noting that the use of the word "determination" in § 628(g) corresponds to the word "determines" in § 628(b)(1), Def.'s Mem. at 3–4, and that timeliness determinations are distinct from decisions regarding the underlying merits of an officer's petition, *id.* at 4 (citing *Havens v. Mabus*, 759 F.3d 91 (D.C. Cir. 2014)).

The defendant's contention that § 628(g) provides for judicial review only of SSB determinations "on the merits" does not withstand close scrutiny for several reasons.  First, the defendant's cramped construction of "determination" as restricted to (a)(1) and (b)(1) eligibility criteria is not the only, or even the clearest reading, of this section.  The operative phrase in § 628(g) defining the scope of judicial review authorizes review of Secretarial decisions "not to convene a special selection board in the case of any person."  10 U.S.C. § 628(g)(1)(A).  The "any person" refers to a claimant asserting eligibility for reconsideration of non-promotion decisions under (a)(1) or (b)(1) and, thereby defines the subset of servicemember claimants subject to § 628(g), rather than circumscribing the matters reviewable by a court.  In other words, § 628(g) authorizes judicial review not only of the merits decision on whether the criteria of

(a)(1) or (b)(1) have been met, but also Secretarial decisions declining for any reason to convene

an SSB for a person applying for consideration under (a)(1) or (b)(1).

Second, contrary to the defendant's proffered construction, interpreting § 628(g) as

authorizing judicial review of timeliness decisions for applications under § 628(a)(1) or (b)(1) is

more consistent with other statutory provisions.  For example, while the parties focus on the first

subparagraph in § 628(g), this subsection has two other subparagraphs.  As noted *supra* n.8, the

second subparagraph provides for judicial review of both SSB reports and Secretarial decisions

about those reports. 10 U.S.C. § 628(g)(2).  More significantly, the third subparagraph of this

"Judicial review" provision automatically deems the Secretary's inaction within prescribed time

periods to amount to a denial of consideration by an SSB or of the relief recommended by an

SSB, thereby triggering judicial review under the first two subparagraphs of the subsection.  *Id*.

at § 628(g)(3).[11]  This third subparagraph of § 628(g) makes clear that timely decision-making

by the Secretary is required; otherwise the Secretary's indecision about whether to convene an

SSB will be "deemed" a final decision denying the application, even if not a decision on the

merits.  Thus, by authorizing judicial review of non-decisions by the Secretary, this section

plainly contemplates judicial review beyond the limited scope urged by the defendant of only

Secretarial decisions "on the merits" of whether the criteria for administrative error under §

628(a)(1) or for material unfairness under § 628(b)(1) are met.

Finally, the defendant has presented no authority from case law, legislative history or in

---

[11] Section 628(g)(3), which the parties do not address in their briefing, provides that if the Secretary has not convened an SSB and "has not denied consideration by such a board" within "six months after receiving a complete application for consideration . . . under this section," the Secretary is "deemed for the purposes of this subsection to have denied the consideration of the case by such a board." 10 U.S.C. § 628(g)(3)(A).  Similarly, failure by the Secretary to take final action on an SSB report within six months is "deemed for the purposes of this subsection to have denied relief in such case."  *Id*. at § 628(g)(3)(B).  Finally, the Secretary is authorized to issue regulations waiving for "an additional period of not more than six months" the time limits set out in the first two subparagraphs "if the Secretary determines that a longer period for consideration of the case is warranted."  *Id*. at § 628(g)(3)(C).

express statutory text—and the Court can discern no such authority—to suggest that Congress intended a targeted exclusion from judicial review of waiver determinations when adopting § 628(g).  On the contrary, in 2001, when Congress amended § 628, to include subsection (g) providing for judicial review under an APA-style standard of a decision (or non-decision) not to convene an SSB, s*ee* 2002 NDAA, § 503, the D.C. Circuit had already decided *Dickson*, holding that waiver determinations under § 1552(b) were subject to APA review.  Against this backdrop, and absent any express rejection of *Dickson* in the legislative history, the defendant argues that Congress intended § 628(g) to exclude from APA-style review *only* the limited category of claim at issue here—that is, claims arising from the Board's decision to deny a waiver of the limitations period for a § 1552 petition requesting an SSB on timeliness grounds unrelated to the petitioner's assertion of material unfairness.  This argument is undermined by another provision of the same statute expressly stating that "nothing in" § 628 "limits . . . the jurisdiction of any court of the United States under any provision of law to determine the validity of any law, regulation, or policy relating to selection boards" or "the authority of the Secretary of a military department to correct a military record under section 1552."  10 U.S.C. § 628(i)(1), (2).

Rather than revealing any indication that Congress intended to insulate from judicial review the waiver determinations at issue here, the legislative history for § 628 evinces concern on the part of the Congress that judicial review occur only after administrative remedies were exhausted.  *See* H.R. Rep. No. 107–333, at 652 (2001) (Conf. Rep. accompanying final version of 2002 NDAA) (noting that "[t]he Senate bill contained a provision . . . that would provide that service members or former service members challenging the results of selection boards or promotion boards are not entitled to relief in a judicial proceeding unless the matter was first considered by a special board or a special selection board, or the secretary concerned denied such

consideration.  The House amendment contained no similar provision.").  Furthermore, an over-arching goal of the creation of Boards for Correction of Military Records, including the AFBCMR, together with express authorization for judicial review, was "to provide meaningful remedies to aggrieved servicemembers" and eliminate the necessity for Congress to have to consider private bills to provide such relief.  *See Dickson*, 68 F. 3d at 1404 n.11 ("Both the statute's legislative history and the overall legislative scheme strongly indicate that Congress did not intend to confer unlimited and unreviewable discretion [in the case of waivers] upon the Secretary.") (brackets in original) (quoting John J. Field, *The D.C. Circuit Review: September 1992 - August 1993: Military Personnel Law: Waiving The Discretionary Statute Of Limitations Governing The Boards For Correction Of Military Records*, 62 Geo. Wash. L. Rev. 920, 932 (June 1994)).

The defendant relies on two cases dismissing the claims of former Naval officers, who sought review of promotion decisions influenced by equal opportunity instructions, as support for its position that this Court lacks subject matter jurisdiction over the plaintiffs' challenge to the Board's decisions not to waive the applicable limitations periods.  *See* Def.'s Mem. at 11–13 (citing *Harris*, 2011 WL 3951861 at *1; *Paylor*, 600 F. Supp. 2d at 120).  Not only are these cases not binding on this Court, neither of these cases was apparently resolved on subject matter grounds, but instead on motions to dismiss for failure to state a claim, under Rule 12(b)(6), a basis for dismissal not asserted by the defendant in this case.  In *Harris v. Maybus*, the District Court for the Eastern District of Virginia considered a former Naval officer's challenge to the denial of his petition to convene an SSB by the Board for Correction of Naval Records ("BCNR").  2011 WL 3951861, at *1.  As here, the BCNR declined to waive the applicable three-year limitations period and denied the officer's petition as untimely.  *Id.*  Although the

*Harris* court indicated the complaint would be dismissed "for lack of subject matter jurisdiction and failure to state a claim," *id.* at *3, the court nevertheless assumed jurisdiction to evaluate the BCNR's decision under the § 628(g) standard, *see id.* at *4 (finding that the "Secretary's decision denying the Plaintiff's request for an SSB as untimely is entitled to deference, and *was not arbitrary and capricious or otherwise contrary to law*" and rejecting the plaintiff's "attempt to characterize the determination as arbitrary and capricious, because his request was resolved differently than a purportedly similar case where an SSB was granted . . .") (emphasis added).

Similarly, in *Paylor v. Winter*, another Judge on this Court dismissed a retired Naval officer's challenge to the BCNR's denial on timeliness grounds of the plaintiff's petition to convene an SSB.  600 F. Supp. 2d at 120, 122 & n.3.  Despite initially asserting claims under both § 628(g) and the judicial review provisions of the APA, the plaintiff conceded that the court lacked jurisdiction to review the BCNR under the APA, *id.* at 123, prompting the court to review the sufficiency of the plaintiff's claim under the standard articulated in § 628(g), *id.* ("The applicable standard for review of the Secretary's decision to deny a request for an SSB is found in 10 U.S.C. § 628(g).").  Under this standard, and in light of the unusual degree of deference accorded to military personnel decisions, the court rejected each of the plaintiff's asserted bases for relief on the merits.  *Id.* at 124 (citations removed).

In sum, the courts in both *Harris* and *Paylor* considered whether the BCNR's waiver determinations comported with the standard of review provided under § 628(g) by reviewing the merits of the plaintiffs' claims for relief, thereby, at least implicitly, exercising subject matter jurisdiction over claims substantially similar to those presented by the plaintiffs here.  *See also McGrady v. Winter*, 810 F. Supp. 2d 281, 287-295 (D.D.C. 2011) (reviewing, under § 628, the BCNR's denial of a request to convene an SSB on the ground that the petitioning officer failed to

comply with an administrative "due diligence" requirement).[12]  Far from suggesting that this Court lacks subject matter jurisdiction over the instant matter, these cases support the conclusion that this Court may review the plaintiffs' claims pursuant to § 628(g).

*              *              *

In a last gasp effort to avoid judicial review of the waiver declinations at issue in this lawsuit, the defendant argues that subjecting the Board's waiver determinations to judicial review will disincentivize the military services from allowing any waivers and, instead, encourage these agencies to promulgate absolute time limitations that will ultimately lead to more denials.  Def.'s Reply at 9–10.  Whether the defendant is correct as a policy matter does not mean that this Court should impute to Congress an intent to exclude from judicial review Board waiver decisions under §§ 1552 and 628, absent clear statutory text reflecting such intent. Moreover, a finding that judicial review of waiver determinations is barred would ignore the D.C. Circuit's warning regarding a "second tier of 'secret law'" created by agency waiver determinations, *Dickson,* 68 F. 3d at 1406 n.17, and instead would allow these agencies to escape judicial review even when waiver authority is exercised by "whim," *Keller Commc'ns, Inc.*, 130 F.3d at 1076.

The Court hastens to note that finding the availability of subject matter jurisdiction for judicial review of the Board's waiver decision does not guarantee that the plaintiffs will prevail on their claims, but only that this Court may afford them the "rudimentary" judicial review provided under § 628(g).  *See Harkness*, 727 F.3d at 470.  Indeed, in conducting this limited

---

[12] The parties acknowledge that the Naval regulations governing the BCNR at issue in *Harris, Paylor* and *McGrady*, do not provide for a waiver of the applicable three-year limitations period and, therefore, differ in this respect from Air Force regulations governing the Board in this case. Pls.' Mem. at 19–20; Def.'s Reply at 9–10. This regulatory distinction, however, has no bearing on the availability of judicial review under § 628(g) for the waiver declinations here.

judicial review the Court must apply unusual deference to the Board's decision, *see Miller v. Dep't of Navy*, 476 F.3d 936, 938–39 (D.C. Cir. 2007) (noting that "we are obligated to apply [§ 628(g)'s "arbitrary and capricious"] standard in an 'unusually deferential' manner when reviewing personnel decisions made by the military" (alteration in original) (quoting *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000)), and determine merely whether the explanation for the decision was reasonable, *see Mori v. Dep't of the Navy*, 731 F. Supp. 2d 43, 47 (D.D.C. 2010) (citing *Gillan v. Winter*, 474 F.3d 813, 819 (D.C. Cir. 2007) and *Mueller v. Winter*, 485 F.3d 1191, 1200 (D.C. Cir. 2007)).

Based upon review of the statutory text and guided by binding precedent in this Circuit, the Court concludes that the Board's decision declining to waive the statutory limitations period applicable to the plaintiffs' petitions under 10 U.S.C. § 1552 is subject to review by this Court under the judicial review authority of 10 U.S.C. § 628(g).

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction is GRANTED in part and DENIED in part.  The motion is granted as to the plaintiffs' assertion of jurisdiction under the APA but denied in all other respects.  The defendant's decision not to waive the limitations periods applicable to the plaintiffs' applications to convene SSBs is subject to judicial review under 10 U.S.C. § 628(g).

The parties shall, in accordance with the Court's Standing Order ¶ 3, ECF No. 3, file jointly a Meet and Confer Report, by October 6, 2015, with a proposed schedule to govern further proceedings in this case.

An Order consistent with this Memorandum Opinion shall be filed contemporaneously.

Date: September 22, 2015

_____
BERYL A. HOWELL
United States District Judge